IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DUANNE DA'VON RIVERS, | ) |
| | ) |
| Petitioner, pro se, | ) **MEMORANDUM OPINION** |
| | ) **AND RECOMMENDATION** |
| v. | ) |
| | ) |
| SANDRA F. THOMAS, | ) 1:08CV482 |
| | ) |
| Respondent. | ) |

This matter is before the court on Respondent's motion to dismiss (docket no. 5). Pro se Petitioner Duanne Da'von Rivers has responded (docket nos. 8, 9) and the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge, and the motion must therefore be dealt with by way of recommendation. For the following reasons, it will be recommended that the court grant Respondent's motion to dismiss.

**I. Background**

Petitioner Rivers is a state prisoner serving a 103 to 133-month sentence for attempted second-degree sexual offense in case 04 CRS 87784. On August 30, 2005, Petitioner pled guilty in the Superior Court of Guilford County with Judge Edwin G. Wilson presiding. Petitioner was represented by Ms. Betty J. Brown, and did not file a direct appeal.

Petitioner filed nothing until he submitted a pro se motion for appropriate relief (MAR) dated December 7, 2007, in the Superior Court of Guilford County on

January 15, 2008. That motion was summarily denied on March 17, 2008. Petitioner then filed a certiorari petition with the North Carolina Court of Appeals on May 8, 2008. Certiorari was denied on May 27, 2008, by order witnessed on May 28, 2008. Petitioner then dated his habeas petition July 14, 2008, and filed it in this court on July 16, 2008.

In his habeas petition, Petitioner claims that (1) he received ineffective assistance of counsel when his attorney failed to file proper motions, did not explain and discuss his case, and pressured him to plead guilty, and (2) his guilty plea was unlawfully induced and not made voluntarily and with a true understanding of the nature of his case. Respondent has not addressed the merits of the claims, instead presenting only the threshold argument that the petition was filed outside of the statute of limitations set out in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 1120 Stat. 1213, Title 28 U.S.C. § 2244(d)(1). This court believes that Respondent is correct and will, therefore, address only the statute of limitations issue.

**II. Analysis**

Under the AEDPA, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed in the federal court within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;

-2-

Case 1:08-cv-00482-WO-WWD   Document 10   Filed 03/24/09   Page 2 of 5

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitations period is tolled while a properly filed state post-conviction proceeding is pending, *see* 28 U.S.C. § 2244(d)(2); and can be tolled to ensure equity in the "rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). *See also Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). Moreover, subsequent motions or petitions cannot revive a period of limitations that has already run. *See Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000).

Here, Petitioner's conviction became final upon judgment being entered against him by the Superior Court of Guilford County on August 30, 2005.[1] *See*

---

[1] Even if Petitioner had a right to appeal, which Respondent contends that he did not, Petitioner's conviction would have become final fourteen days after his August 30, 2005, judgment was entered, when the time to serve notice of appeal expired. *See* N.C. R. APP. P. 4(a) (14 days to serve notice of appeal). This extra fourteen days is of no consequence and would not save Petitioner's habeas application.

-3-

*United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (where section 2255 petitioner pled guilty and did not appeal, his petition for collateral review was time-barred because his conviction became final on the date on which district court entered judgment of conviction, given that petitioner declined to pursue direct appellate review). Petitioner's one-year period of limitation under section 2244(d)(1), therefore, ran uninterrupted from August 30, 2005, for 365 days until it fully expired on August 30, 2006. Petitioner's federal habeas petition, dated July 14, 2008, and filed July 16, 2008, is therefore nearly two years out of time. Accordingly, the petition is barred by the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(1)(A).

Neither Petitioner's MAR nor his Petition for Writ of Certiorari impacted the running of the statute of limitations. Petitioner's MAR was filed on January 15, 2008, well after the statute of limitations period had already run. Likewise, Petitioner's Petition for Writ of Certiorari was filed on May 8, 2008, over a year and a half after the statute of limitations had expired. The statute of limitations cannot be tolled for Petitioner due to his post-conviction proceedings. *See Minter*, 230 F.3d at 665.

Petitioner does not contest the facts set out in Respondent's brief. Instead, he claims that the filing of his MAR somehow restarted the running of his time to file his habeas petition. As already explained, this is incorrect. Petitioner advances no basis for equitably tolling the statute of limitations, and none is apparent from the record. His petition is time-barred.

### III. Conclusion

Accordingly, for all these reasons, the limitations period for Petitioner to file this federal habeas petition had expired by the time it was filed, and the limitations period was not equitably tolled. It is therefore **RECOMMENDED** that Respondent's motion to dismiss (docket no. 5) be **GRANTED** and that the petition be **DISMISSED** as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
March 24, 2009